# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:16-cr-00147-8 |
| ROBERT PELLETIER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Robert Pelletier's Emergency Motion and Supplemental Motion for Compassionate Release, (Doc. No. 460 and 471), which the Government opposes, (Doc. No. 479). He argues that a variety of health conditions support a finding of "serious physical or medical conditions" to grant his request for compassionate release. The parties agree that Mr. Pelletier has exhausted his administrative remedies allowing the Court to consider the merits of his claim. Having done so, for the reasons that follow, his request for compassionate release is denied.

Mr. Pelletier was sentenced to 120 months imprisonment after he pled guilty to engaging in a conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and possessing a firearm in furtherance of a drug trafficking crime. (Doc. No. 417). He has served approximately 51 months of his sentence to date.

Mr. Pelletier believes that the following medical conditions constitute "serious physical or medical conditions" to justify his compassionate release:

- bipolar disorder;
- post-traumatic stress disorder (PTSD);
- epilepsy;

- anxiety disorder

- Hepatitis C; and

- pneumonia

At sentencing, Mr. Pelletier's bipolar disorder was disclosed in the Presentence Report with the explanation that it was managed well with medication, (Presentence Investigation Report ¶ 63), which continues to be true based upon the medical records before the Court. (Doc. No. 480 at 13). After sentencing, he was diagnosed with PTSD and anxiety disorder that were treated, and have successfully resolved without any need for further treatment. (Id. at 13). His epilepsy was diagnosed in February 2018 and deemed in remission since May 2019. (Id.) There is no medical verification that Mr. Pelletier has been diagnosed with Hepatitis-C. To the contrary, he has been tested for Hepatitis-C in March 2018, May 2019 and most recently May 2020 and each time he tested negative. (Id. at 5, 7, 24).

In May 2019, Mr. Pelletier was diagnosed with a serious case of pneumonia and sepsis due to pneumonia, (id. 13, 26), which resulted in his hospital admission, a battery of medical tests, (id. at 33, 42), and multiple medications, (id. at 40). His condition improved sufficiently to allow his discharge from the hospital after one day. (Id. at 40). By June 2020, his pneumonia had completely resolved and the medical records report that he had no respiratory distress, "no acute cardiopulmonary disease" and clear lungs. (Id. at 2).

The Court is authorized to grant compassionate release and reduce a defendant's sentence if, after "considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court can grant compassionate release if the defendant is

"suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(ii). A chronic, inadequately managed condition that significantly increases the defendant's risk of severe illness from COVID-19 may qualify as a serious physical or medical condition. United States v. Arreola-Bretado, 445 F. Supp. 3d 1154, 1159 (S.D. Cal. 2020); United States v. Jepsen, 451 F. Supp. 3d 242, 246 (D. Conn. 2020). Applying this standard to Mr. Pelletier none of them alone or in combination constitute a "serious physical or medical condition." See United States v. Coles, 455 F. Supp. 3d 419, 425 (E.D. Mich. 2020) (denying compassionate release to defendant who presented no evidence of a medical condition diagnosis); United States v. Poncedeleon, No. 18-cr-6094 (FPG), 2020 WL 3316107, at *2 (W.D.N.Y. June 18, 2020) (denying compassionate release, in part, because inmate's medical conditions of bipolar disorder, anxiety, and depression "are not believed to present a higher risk of complications" from COVID-19). Mr. Pelletier has failed to carry his burden of showing that he suffers from a "serious medical or physical condition."

Next, Mr. Pelletier argues that the hygienic conditions and precautions in prison are inadequate. Specifically that social distancing is difficult in prison where inmates are provided a limited number of facemasks, have to buy their own hand sanitizer, and there is insufficient COVID-19 testing capacity. (Doc. Nos. 510 at 1–2; 512 at 5–6). These arguments about the general prison conditions, faced by every inmate confined at FCI Memphis with Mr. Pelletier, and likely at all other BOP facilities in the country, are not sufficient, without more, to establish an extraordinary and compelling reason specific to Mr. Pelletier.

Mr. Pelletier further argues that prison conditions during the pandemic amount to cruel and unusual punishment. (Doc. Nos. 512 at 4; 522 at 8–9). Compassionate release is not the proper

vehicle to raise his constitutional claims, which are best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983. Notably, the Sixth Circuit recently rejected a similar argument, finding that the BOP's action plan was a reasonable response to the risk posed by COVID-19 and inmates had not shown evidence of deliberate indifference under the Eighth Amendment. See Wilson v. Williams, 961 F.3d 829, 840–44 (6th Cir. 2020).

The Court finds that Mr. Pelletier does not currently have a "serious physical or medical condition" that he cannot provide self-care. U.S.S.G. § 1B1.13 n.1(A)(ii). The same result holds when assessed under the "other reasons" category of the policy statement, as Mr. Pelletier urges in his *pro se* motions. (Doc. Nos. 460 at 3; 522 at 4–7); see United States v. Duncan, ___ F. Supp. 3d ___, 2020 WL 4669944, at *9 (M.D. Tenn. Aug. 12, 2020).

Accordingly, the Court will deny his Motions (Doc. No. 460 and 471), and deny as moot his Motion to Ascertain Status (Doc. No. 522).

An appropriate order will enter

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE