UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT J. PELLETIER | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:16-cr-00147-8 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION AND ORDER**

For the second time, the Court is presented with a Motion for Compassionate Release under 18 U.S.C. § 3582 filed by Robert J. Pelletier. The first time around, the Court denied relief because, even though Pelletier had various medical conditions, he did "not currently have a 'serious physical or medical condition' [such] that he cannot provide self-care. U.S.S.G. § 1B1.13 n.1(A)(ii)." (Doc. No. 524 at 4). Two things have occurred since that ruling, neither of which helps Pelletier in his bid for release.

First, Pelletier is now fully vaccinated, having received the first dose of the Pfizer-BioNTech vaccine on March 25, 2021, and the second dose on April 13, 2021. (Doc. 580-1 at 1). Even so, Pelletier insists "extraordinary circumstances" still exist:

> [B]reakthrough infections are frequent and can lead to severe illness and/or death. The threat of further variants that have life threatening consequences is not a remote, but a realistic possibility and even vaccinated people will remain vulnerable. In a prison setting, this risk is amplified due to the nature of close confinement and will remain so. A blanket statement from the Government that all vaccinated inmates seeking relief on the basis of the health crisis should be ignored fails to account for the seriousness and the changing nature of the crisis. Additionally, the mere fact that, at the time of reporting a particular facility has no active cases of Covid-19 fails to offer assurance that, in the future, that facility will not have a further outbreak, particularly in like of variants like the Delta variant.

(Doc. No. 581 at 2).

1

This leads to the second thing that has occurred since this Court last ruled: Sixth Circuit decisions stating that, upon vaccination or even the availability of the vaccine, "extraordinary circumstances" within the meaning of § 3582 do not exist if based upon COVID-19. In United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021), the Sixth Circuit joined the Seventh Circuit in holding that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." In fact, "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(I) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." Id.

The same necessarily hold true for vaccinated inmates as well. United States v. Sweet, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021). "After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." Lemons, 15 F.4th at 751. This remains true, even though "inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes)." Id.

Vaccination aside, the Section 3553 factors do not warrant Pelletier's release either. Pelletier was among ten defendants charged in a 27-count Superseding Indictment involving the large-scale distribution of methamphetamine in Lebanon, Tennessee. He was charged with, and plead guilty to, three counts in exchange for a 120-month sentence: Count One – conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§

2

841(a)(1) and 846; Count Twenty-Four – distribution and possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Count Twenty-Five – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). A Rule 11(c) agreement was accepted by the Court and this was fortunate for Pelletier because the guidelines range for his offenses of conviction was 110 to 137 months, he was subject to a five-year mandatory minimum for the firearm offense on top of that, and he was responsible for distributing for at least 350 grams but less than 500 grams of methamphetamine.

Pelletier was sentenced on November 30, 2017, and thus far has served approximately five and one-half years of his ten year sentence. Since being incarcerated, Pelletier has apparently remained discipline-free and sober after a lifetime of substance abuse. According to him, he has also "taken advantage of every opportunity in the BOP to further educate and improve himself by completing over 60 programs offered at his facility, far in excess of the typical BOP inmate." (Doc. No. 581 at 3).

The Court has no reason to doubt Pelletier's representations, and he should take pride in his accomplishments. Even so, the Court does not believe that his accomplishments in prison are sufficient to warrant his release.

The nature and circumstances of his offenses were that he was responsible for distributing a large amount of methamphetamine in his community, and he did so while armed in a house where a young child was present. He has four prior felony convictions for burglary and theft, was on probation for possession of heroin, and has a Criminal History Category VI. He repeatedly received sentences of probation for his state crimes, but they clearly did not dissuade him from continuing in criminal conduct.

3

In addition to not serving as a deterrent to Pelletier, reducing his sentence by almost a half when the Guidelines range (with the mandatory 5-year sentence) was 170 to 197 months would not promote respect for the law. It would also result in an unwarranted sentencing disparity given that the sentences his co-defendants received ranged from 84 to 228 months, depending on their roles in the conspiracy. As the Court pointed out at sentencing, while Defendant was a small broker or distributor in the overall conspiracy, he dealt a large amount of methamphetamine while armed and the ten year sentence was "right in line with others who did the same as you did who promoted and made this conspiracy work for as long as it did." (Doc. No. 447, Sentencing Transcript at 15).

In short, because Pelletier has not shown that "extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. § 3582(c)(1)(A)(I), and the Section 3553(a) do not warrant one, his *Pro Se* Motion and Supplemental Motions for Compassionate Release (Doc. No. 546, 558 & 562) are **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE